# W. O. CARBIS v. W. H. DALE.

ELECTION—ELECTION CONTEST—FILING OF STATEMENT—TIME FOR.

Revised Statutes, section 917, requiring a contestant to file a written statement of election contest within forty days after the return day of the election, requires the filing of such statement within such time after the board of canvassers meets to canvass the returns on the Monday next after the election as required by section 869, and not from the time the result is declared and recorded as required by section 873.

Decided April 25, 1901.

Appeal from District Court Salt Lake County.—*Hon. W. C. Hall*, Judge.

Election contest.   From a judgment of dismissal, contestant appealed.

. AFFIRMED.

*George L. Nye, Esq.*, for appellant.

*Messrs. Frick & Edwards* and *C. W. Boyd, Esq.*, for respondent.

BASKIN, J.—This is an election contest.   The contestant, W. O. Carbis, and the contestee, W. H. Dale, were, as candidates for the office of county treasurer, voted for at the general election held in Salt Lake county on the sixth day of November, 1900.   The board of canvassers of said county on the twenty-first day of said month determined and declared that the said Dale had received the greater number of votes for said office, and a certificate of election was issued to him.

The petition or statement of contest was filed by the said Carbis in the court below on the twenty-sixth day of December, 1900.    The contestee moved to dismiss the contest on the ground that the contestant failed to file the written statement of contest required by section 917 of the Revised Statutes within forty days after the return day mentioned in said section, and that therefore the court had no jurisdiction to hear or determine the grounds of the contest.    The requirements of said section referred to are as follows:    "When an elector contests the right of any person declared elected to such office he must within forty days after the return day of the election, file with the clerk of the district court of the county within or for which such office is to be exercised, a written statement, setting forth specifically:    (1)   The name of the party contesting such election," etc.    The court below granted the motion and dismissed the action.

The appellant claims that the return day mentioned in the statute is the day on which the county canvassers declare the result of the election for a particular office, and the result is entered of record, as provided in section 873 of the Revised Statutes.    The respondent claims that it is the day on which the board of canvassers is required by the statute to meet for the purpose of canvassing the election returns.    As stated in the brief of contestant's counsel, the foregoing is the only point of contention on this appeal.    It is apparent that the Legislature used the terms "return day" in connection with some antecedent provisions of the election law which required a return to be made of something by some person or body to some other person or body on a particular day, and that that day was the one designated as the return day.    It is therefore necessary to ascertain from the antecedent sections of the election law what they required to be returned, by whom, to whom, and on what day and for what purpose the return was to be made.    The thing to be returned is designated in section

864, Revised Statutes, "election returns," and consists of the documents and things constituting the election returns, mentioned in sections 859 and 860, and which by said sections are required to be inclosed in sealed envelopes. Section 863 requires these sealed packages to be delivered to one of the judges of election of the respective election precincts, selected by lot or agreed upon, before adjournment, after the judges have performed their prescribed duties, and the judge to whom the said packages are delivered is required, within twenty-four hours after receiving them, to deliver the same to the county clerk; and by section 867 the county clerk is required to produce the packages containing the same before the board of canvassers, when in session, for the purpose of canvassing the returns. By section 869 the board of county commissioners are ex officio the board of canvassers, and are required to meet as such to canvass the returns at their usual place of meeting at 12 o'clock noon on the Monday next after the election. From these provisions it appears that the things to be returned are the election returns of the respective election precincts of the county; that the return is to be made by the judges of election, and by the county clerk to the board of canvassers, and that the last of the steps required to be taken in making the return is the presentation of the election returns by the clerk to the board of canvassers on the Monday next after the election; and that the purpose of the return to said board is the canvassing of said returns. There is no provision requiring the board of canvassers to make to any one election returns, or to do any act which, under any tenable construction, can be considered as making such a return; but their duties respecting the returns consist in canvassing the returns made to it, declaring the result, and entering the same on its records. Sections 869-873. It is evident that the first Monday after the election is the day referred to in section 917 as the return

Vol. 23 u—30

day, and was the one which the Legislature had in view when said section was adopted. The first Monday after the election in question occurred on the twelfth day of November, 1900, and the petition of the contestant was not filed within forty days thereafter. It is ordered that the judgment of the lower court be affirmed, at the contestant's costs.

> *Bartch, J.,* and *Hart, District Judge,* concur.